IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| SANDRA J. B.,[1] § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 1:21-CV-00038-BU |
| § | |
| KILOLO KIJAKAZI,[2] § | |
| Acting Commissioner of Social Security § § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Sandra B. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Sam R. Cummings referred this case and it was reassigned to the undersigned United States Magistrate Judge on February 22, 2021. Dkt. No. 6. The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court affirm the Commissioner's decision.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

I. BACKGROUND

Plaintiff alleges that her disability began May 22, 2018. *See* Administrative Record, Dkt. No. 19-1 ("Tr.") at 231, 233. Plaintiff applied for Title II Disability Insurance Benefits on October 26, 2018. Tr. at 231. Plaintiff also applied for Title XVI Supplemental Security Income on November 15, 2018. Tr. at 233. After her applications were initially denied on February 1, 2019, Plaintiff challenged the denials and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 114, 118, 121. That hearing was held via telephone on August 4, 2020, in Abilene, Texas, with the ALJ sitting remotely in Fort Worth, Texas. Tr. 35-58.

At the time of the hearing, Plaintiff was 55 years old. *See* Tr. 31. She graduated from high school and completed some college classes. Tr. 32. She had work experience as a hospital admitting clerk, a collections clerk, an accounting clerk, and a billing clerk. Tr. 54-55.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 8-24 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 22, 2018, the alleged disability onset date.[3] Tr. 14. The ALJ also found Plaintiff did meet the insured status requirements of the Social Security Act through December 31, 2023. *Id.* At step two, the ALJ found the Plaintiff had several severe impairments including diabetes mellitus, hypertension, obesity, depression, and anxiety. *Id.*

---

[3] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

2

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. *Id.* Also during this step the ALJ used the psychiatric review technique ("PRT") to determine if the Plaintiff's depression would cause more than a minimal limitation in her ability to perform basic mental work activities. Tr. 14. The ALJ evaluated the four areas of the PRT and found the Plaintiff had a moderate limitation in understanding, remembering, or applying information; a mild limitation in concentrating, persisting, or maintaining pace; and no limitation in the areas of interactive with others and adapting or managing oneself. Tr. 15.

The ALJ also determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with exceptions that "she can occasionally climb, balance, stoop, kneel, crouch, or crawl. The claimant can understand, remember, and carry out detailed, but not complex, tasks and instructions." *Id.*

The ALJ based his opinion on medical records, the Social Security Administration's ("SSA") non-examining consultants, the Plaintiff's testimony, and testimony from Plaintiff's sister. Tr. 15-17. At step four, the ALJ found the Plaintiff could return to her past relevant work as a hospital admitting clerk and a billing clerk. Tr. 18. The ALJ considered the impartial testimony of the vocational expert ("VE") to find she had earned "substantial gainful activity levels" at those occupations and that she could perform the required work-related activities within the confines of the given RFC. *Id.* Additionally, the ALJ found Plaintiff could perform those jobs as they are generally in the national economy. *Id.* Accordingly, the ALJ determined that Plaintiff was not disabled, as defined by the Social Security Act, for the period in question. *Id*

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II.  LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995);

4

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan,* 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); see also 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802

5

(5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected. *See Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III. ANALYSIS

Plaintiff challenged the ALJ's decision on two grounds.[4] Dkt. No. 24. First, Plaintiff argues the ALJ's RFC is not supported by substantial evidence because he found that her depression and anxiety were severe impairments but failed to adopt any corresponding limitations in her RFC. Dkt. No. 32 at 3-5. Second, Plaintiff asserts the ALJ's RFC is not supported by substantial evidence because neither the RFC nor the hypothetical questions adequately reflect the mental impairments the ALJ found to exist. *Id.* at 5-11. The Court takes each issue in turn.

---

[4] Initially, Plaintiff challenged on three grounds but abandoned the third, which was a question of the legitimacy of the decision of the Acting Social Security Administrator, in her reply brief. Dkt. No. 27 at 3. As such, this Court does not evaluate the claim.

A. <u>Severe impairments of depression and anxiety</u>

Plaintiff claims that "[t]he ALJ found that [Plaintiff's] depression and anxiety were severe impairments (Tr. 14)" and this means that "the ALJ was inherently finding that [Plaintiff had significant limitations on her ability to perform basic mental work activities (Tr. 14)." Dkt. No. 23 at 3-4. And "[d]espite finding a severe mental impairment, the ALJ adopted absolutely no limitations in [Plaintiff's] ability to perform any of [the] basic [mental] work activities."[5] *Id.* at 4. Plaintiff argues that "[t]he only mental limitation adopted by the ALJ was a restriction to understanding, remembering, and carrying out 'detailed, but not complex, tasks and instructions," but that this "is not a basic work activity." *Id.*

Plaintiff's argument on this point is difficult to follow and even more difficult to find legal support for, as illustrated by the lack of authority cited. It does not help matters that the Commissioner does not directly respond to this argument, except to say that it "is not rooted in facts or law." Dkt. No. 26 at 9. And here, perhaps that says enough.

Plaintiff appears to be arguing that because she had a severe limitation at step two, the ALJ should only have evaluated her ability to perform unskilled work. Dkt. No. 23 at 5. However, a finding that a claimant has a severe impairment at step two is different than the ALJ's assessment of the claimant's RFC. *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). "A claimant is not entitled to social security disability benefits merely upon showing that she has a severe disability. Rather, the disability must make it so the claimant cannot

---

[5] Plaintiff points out that 20 C.F.R. § 416.922(b) describes basic mental work activities to include: (1) understanding, carrying out, and remembering simple instructions; (2) using judgment; (3) responding appropriately to supervision, co-workers, and usual work situations; and (4) dealing with changes in routine work setting. Dkt. No. 23 at 4.

7

work to entitle the claimant to disability benefits." *Gutierrez v. Barnhart*, 2005 WL 1994289, at *9 (5th Cir. 2005).

To the extent Plaintiff argues—which she appears to do—that 20 C.F.R. § 416.922(b) provides an exhaustive and exclusive list of basic work activities, it does not. Section 416.922(b) provides:

> Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. ***Examples of these include*** –
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in routine work setting.

(emphasis added).

Plaintiff provides no authority requiring an ALJ, upon finding a severe mental impairment at step two, to adopt a limitation specifically tailored to one of the non-exclusive basic work activities illustrated in Section 416.922(b). Nor does Plaintiff cite authority that mandates remand when there is an inconsistency between a finding of severe mental impairment on the one hand, and the absence of a limitation in performing one of the non-exclusive basic work activities listed on the other.

Plaintiff appears to ask this Court, and without the benefit of authority, to seize upon a perceived inconsistency to conclude that remand is required. But Plaintiff has not articulated a properly supported legal standard that has been violated. Nor has she

demonstrated how the challenged inconsistency, assuming it exists, deprives the ALJ's decision of the substantial evidence necessary to support it.

    B. <u>The ALJ's RFC with mental functional limitations is based on substantial evidence.</u>

Plaintiff claims the ALJ did not account for the Plaintiff's mental functional limitations in the RFC and hypothetical questions. Dkt. No. 23 at 5. Plaintiff argues the ALJ found a mild and moderate mental limitation and therefore should have adopted additional limitations for Plaintiff in the RFC and when questioning the VE. *Id.* at 7-8. Plaintiff disputes the ALJ's finding that Plaintiff could return her to past relevant semi-skilled work, especially since one of the jobs—a hospital admitting clerk—requires three to six months to learn how to properly perform. *Id.* at 9-11. Plaintiff argues that the ALJ's assessment was presumptive, and he did not analyze her past work on a function-by-function basis. *Id.* at 11.

Plaintiff argues that an ALJ's step two or three paragraph B criteria findings, while not an RFC determination, must be considered and adopted or rejected in the RFC assessment, and that SSR 96-8p requires that the RFC finding include a "more detailed assessment by itemizing various functions contained in the broad categories" summarized at the earlier steps of the decision. Dkt. No. 23 at 7. Plaintiff claims that "[t]he problem in this case is that the ALJ failed to perform the more detailed assessment required by SSR 96-8p." *Id*.

In response, the Commissioner explains "limitations identified in the 'paragraph b' criteria are *not* an RFC assessment." Dkt. No. 26 at 10. The Commissioner claims Plaintiff did not address the argument of semi-skilled work with the VE at the hearing. *Id.* at 11.

Additionally, the Commissioner argues the VE testified that a person would need three to six months to learn how to be a hospital admitting clerk. *Id.* at 10. The Commissioner emphasizes that Plaintiff was a hospital admitting clerk for 3 to 4 months, meaning that she was within the given range to adequately learn the position. *Id.* at 10. Overall, the Commissioner argues that the ALJ based his opinion on substantial evidence and Plaintiff did not show that she is incapable of performing the RFC as prescribed. *Id.* at 11.

Plaintiff replies that while paragraph B findings are not an RFC assessment, they "must be considered and adopted or rejected in the RFC assessment." Dkt. No. 27 at 2. Plaintiff claims that by not conducting a more thorough examination of her mental limitations and the job requirements the ALJ erred. *Id.* Plaintiff argues the ALJ failed to provide evidence to support his opinion Plaintiff could perform detailed but not complex tasks and instructions and therefore the RFC is not based on substantial evidence. *Id.* at 3.

According to the Title 20 of the Code of Federal Regulations, mental impairments are evaluated at step two using a special technique to determine whether the claimant has a medically determinable mental impairment and then the impairment is rated. 20 C.F.R. §§ 404.1520a(a)-(b), 416.920a(a)-(b) (West 2017). The ALJ will then assess all the relevant evidence in the case record and "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Regulation ("SSR") 96-8P, 1996 WL 374184, *5 (S.S.A. July 1, 1996). However, the PRT is not an RFC and, as Plaintiff argues, the ALJ is required to perform "a more detailed assessment by itemizing various functions contained in the broad categories." *Id.* at *4.

Here, the ALJ examined each of the four areas as required using the PRT. Tr. 14-15. In understanding, remembering, or applying information, the ALJ also found that despite the moderate limitation the Plaintiff had times of not reporting signs of depression and her depression was well controlled with medication. *Id*. In concentrating, persisting, or maintaining pace, the ALJ found a mild limitation but that her depression was controlled with medication and she was not showing signs of hallucinations or other disorganized thought processes. Tr. 15.

In formulating the RFC, the ALJ explains that:

> As for the claimant's mental impairments, as described above, the record supports no more than moderate limitations to the "paragraph B" criteria. Thus, the claimant remains capable of performing a range of semi-skilled work. The record does not, however, support further limitations. Mental status examination findings, for example, have generally indicated that the claimant's mood and affect have remained appropriate. (Exhibit 2F/6). Her depression is well controlled on Prozac. (Exhibits 2F/3; 9F/2, 8). In addition, at times the claimant's own subjective indications have stated that she has had no more than mild depressive symptoms. (Exhibits 2F/3; 3F/1). As such, the claimant remains capable of performing semi-skilled work consistent with the above residual functional capacity.

Tr. 17.

At the hearing, the ALJ questioned the VE if someone could perform Plaintiff's past work if she was limited to understanding remembering and carrying out detailed, but not complex, tasks and instructions. Tr. 55. The VE answered affirmatively for the hospital admitting clerk and the billing clerk. *Id.* The VE also clarified his testimony was consistent with the Dictionary of Occupational Titles as required. 20 C.F.R. §§ 404.1560(b); 416.960(b). Plaintiff's attorney did not question the VE on the function-by-function basis or any additional mental limitations. Tr. 56.

Plaintiff has failed to show the RFC was not based on substantial evidence. The ALJ performed the more detailed assessment during steps four and five and considered Plaintiff's mental limitations when finding that she could carry out detailed but not complex work. The ALJ found that Plaintiff could perform a range of semi-skilled work and the record did not support more limitations. Tr. 17. The ALJ cited to the lack of evidence in Plaintiff's medical records that she cannot perform work and explained her symptoms are well managed with her medication. *Id.*

For these reasons, the undersigned finds the RFC is based on substantial evidence and that the ALJ did not commit reversible error in not accounting for the Plaintiff's mental limitations in the RFC and the hypothetical questions.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be AFFIRMED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to Senior United States District Judge Sam R. Cummings in accordance with normal procedures.

## V.   RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 1st day of July, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE